# IN THE SUPREME COURT OF IOWA

No. 55 / 06–2063

Filed August 8, 2008

**GRINNELL COLLEGE** and
**THE CINCINNATI INSURANCE COMPANIES,**

Appellants,

vs.

**RON OSBORN,**

Appellee.

---

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Employer appeals judicial review decision affirming award of benefits by worker's compensation commissioner. **AFFIRMED.**

David L. Jenkins of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellants.

Paul J. McAndrew, Jr. of Paul McAndrew Law Firm, Coralville, for appellee.

2

**PER CURIAM.**

The worker's compensation commissioner awarded the appellee, Ron Osborn, permanent and total disability benefits, finding his injuries arose out of and in the course of his employment by the appellant, Grinnell College. This decision was affirmed by the district court on judicial review. Grinnell College and its worker's compensation insurer, appellant The Cincinnati Insurance Companies, filed this appeal. We affirm.

Osborn worked for Grinnell College for many years, initially as a custodian and then, when he began to have shoulder problems from the repetitive overhead work required by that position, he transferred to the grounds department. On August 15, 2000, Osborn worked with other employees to spread three truckloads of pea gravel around some playground equipment. Subsequently, he became ill and was eventually diagnosed with a Campylobacter bacterial infection. He now suffers from chronic fatigue syndrome and has not worked since September 10, 2000.

Osborn filed this worker's compensation action, claiming (1) he suffered a cumulative injury to his shoulder while working as a custodian; and (2) he contracted a Campylobacter bacterial infection from contaminated pea gravel and his current condition and disability was a consequence of this infection. After a hotly contested hearing that included the testimony of several experts with varying opinions, the deputy found Osborn sustained a cumulative injury to his right shoulder on August 10, 1999, and that his bacterial infection arose out of and in the course of his employment. The deputy awarded healing period and permanent partial disability benefits for the shoulder injury based on a twenty-percent industrial disability. Osborn was awarded additional healing period and permanent partial disability benefits based on a finding he sustained a forty-percent industrial disability as a result of his bacterial infection and its sequela.

On intra-agency appeal, the commissioner affirmed the deputy's decision, as modified. The commissioner modified the decision to hold the combined effect of Osborn's two injuries caused him to become permanently and totally disabled. The commissioner's decision was affirmed by the district court on judicial review.

On appeal to this court, the employer challenges five findings made by the commissioner: (1) that Osborn's infection was contracted from the pea gravel; (2) that Osborn was permanently and totally disabled; (3) that certain medical expenses were related to Osborn's treatment for his bacterial illness; (4) that Osborn sustained an injury to his right shoulder on August 10, 1999; and (5) that Osborn suffered from a permanent disability as a result of his shoulder injury. With respect to each specification of error, the employer claims

> the commissioner failed to properly interpret controlling legal principles, employed irrational reasoning and acted arbitrarily, capriciously, and with abuse of discretion in finding facts and applying law to those facts, and further that the facts (even as found by the agency) are inadequate to satisfy the governing legal standards.

*See* Iowa Code § 17A.19(10) (2001) (setting forth standards for review of agency decisions in contested cases).

We have considered in detail each of the arguments made by the employer with respect to each specification of error and conclude there is no basis upon which to reverse the commissioner's award of benefits. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except Baker, J., who takes no part.

This is not a published opinion.